

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

3/15/21

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE:<br><br>GLEN ERVIN RATLIFF and MARSHA KAY RATLIFF,<br><br>           Debtors. | CASE NO. 2:01-bk-21157<br><br>CHAPTER 7<br><br><br>JUDGE B. MCKAY MIGNAULT |
| GLEN ERVIN RATLIFF and MARSHA KAY RATLIFF,<br><br>           Plaintiffs,<br>v.<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION and THE UNIVERSITY OF CHARLESTON, INC.<br><br>           Defendants. | ADVERSARY PROCEEDING NO. 2:19-ap-02016 |

### ORDER SETTING ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS MOOT

Pending is the Ratliffs' Motion for Default Judgment (the "MDJ") [dckt. 18], filed against defendant The University of Charleston, Inc. (the "University"), on November 25, 2020.

This adversary proceeding was commenced on December 16, 2019. A summons was issued by this Court [dckt. 3] and was transmitted, along with the complaint, to the Ratliffs' counsel for service on the University, along with the other defendant. The Ratliffs contend that the summons and complaint were sent to the University on December 18, 2019, by certified mail. Having not received any responsive pleadings from the University, the Ratliffs moved for a

Clerk's Entry of Default [dckt. 16] on October 6, 2020, and such was entered by the Clerk the following day [dckt. 17]. The Court set a hearing on MDJ, along with other matters, for January 7, 2021. During that proceeding, the Court heard argument from the Ratliffs' counsel. Counsel for the University did not appear at the hearing and the University provided no explanation or communication as to its absence. Following the hearing, the Court took the MDJ under advisement. At issue is whether the Ratliffs' service of the summons and complaint upon the University was proper and effective, so as to make entry of default judgment appropriate. This Court finds that it was not.

Rule 7004 of the Federal Rules of Bankruptcy Procedure governs the service of process in adversary proceedings. Because the University is a domestic corporation, Rule 7004(b)(3) permits service by first class mail. However, in this case, the University, according to the filings submitted by the Ratliffs, were served *only* by certified mail. Certified mail service not only imposes a higher burden upon regarding effective service, but has negative ramifications not presented with ordinary first class mail service. "First class mail, however, is not the same as certified mail. Certified mail imposes additional obligations and the mail may not be received timely by the named recipient." *In re Sheffer*, 440 B.R. 121, 122 (Bankr. E.D. Va. 2009); *see also, In re Frazier*, 394 B.R. 399, 401 (Bankr. E.D. Va. 2008) (holding that certified mail interposes a hurdle that interferes with the "normal process" of first class mail). The *Frazier* court discussed the implications of certified mail:

> Certified mail is an additional service available for first class mail. First class mail is simply delivered to the address. The addressee need not be home. In fact, the postal service does not usually make any effort to determine whether anyone is at home. It simply leaves the mail in the mailbox. This leaves open possible later challenges to service of process. Certified mail, return receipt requested, tends to reduce later challenges by showing that the mail was actually delivered to the address of record and that the

> defendant had actual notice of the proceeding because the defendant must first sign for the mail in order to receive it.
>
> . . .
>
> [H]owever, the drawback is that if the defendant is not home, the summons and complaint may never be delivered to him. If he is not at home when the mail arrives, notice that the mail is available is left and two additional efforts are made to deliver it. If the attempts are unsuccessful and the mail is not picked up at the post office within a specified period, it is returned as unclaimed.

*In re Frazier*, 349 B.R. at 401.

Bankruptcy Rule 7004 also incorporates Federal Rule of Civil Procedure 4(h)(1)(A), which allows service by certified mail on a business entity through compliance with applicable state law. Here, the Court must apply the West Virginia Rules of Civil Procedure, which state that service via certified mail "shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a return envelope showing refusal of the registered or certified mail by the defendant." W. Va. R. Civ. P. 4(d).

Regardless of the rule under which service of process was attempted in this case, it was ineffective. Service was improper because it was sent via certified mail rather than merely by first class mail, and the record does not include a return receipt or envelope showing refusal. The only other way for service to have been effective is addressed in *Frazier*, which is with proof of *actual* receipt in the absence of a return receipt on the record. *Frazier*, 394 B.R. at 401 (citing *Gazes v. Kesikrodis* (*In re Ted A. Petras Furs, Inc.*), 172 B.R. 170, 176–77 (Bankr. E.D.N.Y. 1994)). There is no evidence and there have been no statements in the instant matter which would prove that the University had actual receipt of service, regardless of the existence of a return receipt. Without that return receipt or proof of actual receipt of the summons and complaint, default judgment cannot be granted.  Accordingly,

**IT IS ORDERED** that the Ratliffs' Motion for Default Judgment be, and is hereby, **DENIED WITHOUT PREJUDICE**,

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default be, and is hereby, **VACATED.**